**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **EDUARDO YDLIBI TELLISSEH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-911-KC** |
| | § | |
| **MARKWAYNE MULLIN, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

On this day, the Court considered the case, which arises out of Plaintiff's wrongful removal from the United States to Venezuela despite his grant of deferral of removal to that country under the Convention Against Torture. *See generally* Compl., ECF No. 1. After Defendants conceded that Plaintiff was wrongly removed, Resp., ECF No. 10, the Court explained that it "intends to order [them] to facilitate Plaintiff's return to the United States at the earliest reasonable opportunity." June 18, 2026, Order 1, ECF No. 11 (citing *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025)). To that end, the Court ordered Defendants to file an advisory regarding "the steps [they have] taken [to return Plaintiff to the United States] and the prospect of further steps." *Id.* at 2 (quoting *Abrego Garcia*, 145 S. Ct. at 1018). In response, Defendants described several issues which impact their ability to ensure Plaintiff's prompt return to the United States. Advisory 1–3, ECF No. 12.

Accordingly, the Court **ORDERS** that the parties shall **MEET** and **CONFER** and **FILE** a joint status report by **no later than July 13, 2026**. They shall discuss and report to the Court on the following topics. To the extent that they cannot reach agreement on any topic, the parties

shall describe their respective positions with citation to evidence and/or legal authority in support, as appropriate:

1. What is the status of the significant public parole request for Plaintiff?

    a. If the parole request has not yet obtained final approval, what is the anticipated timeline for final approval?

2. Must Plaintiff transit through a third country in order to return to the United States or may he return directly from Venezuela?

    a. If he must transit through a third country, is he willing and able to transit through Bogota, Colombia?

        i. If so, what is the anticipated timeline for Plaintiff's arrival in Bogota?

        ii. If not, have the parties discussed the viability of any other options for Plaintiff's return itinerary?

3. May the Government detain Plaintiff in immigration custody upon his return to the United States?

4. What steps must be taken to ensure that Plaintiff's immigration case is handled as it would have been had he not been improperly sent to Venezuela?

**SO ORDERED.**

SIGNED this 29th day of June, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2